### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-954 PA (SKx) | Date | July 25, 2022 |
|---|---|---|---|
| Title | Hwan Kim v. Cajun Realty LLC, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    In Chambers - Court Order

Plaintiff Hwan Kim ("Plaintiff") filed a complaint on February 11, 2022, asserting claims against defendant Cajun Realty LLC ("Defendant"). On May 19, 2022, the Court ordered Plaintiff to show cause in writing on or before May 24, 2022, why this action should not be dismissed for lack of prosecution. On May 24, 2022, Plaintiff filed a request for the clerk to enter default judgment. On May 25, 2022, the Court directed Plaintiff to file a motion for default judgment or other appropriate dispositive motion on or before June 27, 2022. On June 14, 2022, the Court granted a stipulation to set aside default judgment filed by Defendant and set a deadline of thirty days for Defendant to file and serve its Answer. That same day, the Court in a Minute Order discharged the prior order to show cause. To date, and despite the passage of time, Defendant has not filed an Answer and Plaintiff has not otherwise prosecuted the action.

The Court may dismiss with prejudice an action sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 22-954 PA (SKx) | Date | July 25, 2022 |
|---|---|---|---|
| Title | Hwan Kim v. Cajun Realty LLC, et al. | | |

(internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

 Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.  The third Henderson factor of prejudice to the defendant is neutral, as continued pendency of a case alone is insufficient to find prejudice.  See Yourish, 191 F.3d at 991.

 In considering the fourth and fifth Henderson factors, the Court notes that the parties requested approval of a stipulation for an extension of time for Defendant to file a responsive pleading, however, the deadline has passed without action from Defendant.  Moreover, the Court had earlier issued an order to show cause for lack of prosecution which order put Plaintiff on notice for the responsibility it bears to prosecute the action.  Nevertheless, neither party has taken action.  It therefore appears that Plaintiff has abandoned efforts to prosecute this action.  Additionally, the Court intends to dismiss the claims against Defendant without prejudice.  Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

 The Court finds that the Henderson factors weigh in favor of dismissing this action.  Accordingly, the Court dismisses Plaintiff's action without prejudice for lack of prosecution.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

 IT IS SO ORDERED.